IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | 4:07CV3160 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DAVID W. URBOM, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his complaint on June 19, 2007. (Filing No. 1.) On July 2, 2007, Plaintiff filed a motion for leave to file an amended complaint. (Filing No. 6.) Plaintiff has been given leave to proceed in forma pauperis. The court now conducts an initial review of the amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I.   INITIAL REVIEW OF COMPLAINT

### A.   Summary of Complaint

Plaintiff filed his complaint on June 19, 2007, naming only the Defendant, Nebraska District Judge David Urbom. (Filing No. 1.) On July 2, 2007, Plaintiff sought leave to file an amended complaint against Defendant Urbom. (Filing No. 6.) As set forth below, the court grants Plaintiff's motion for leave to file an amended complaint and therefore conducts its initial review only of the amended complaint.

In his amended complaint, Plaintiff alleges that he is "incarcerated" in the Lincoln Regional Center pursuant to a 1994 "Order of Commitment" of the Hayes County, Nebraska District Court. (Filing No. 6, Attach. 1 at CM/ECF p. 2.) Plaintiff further alleges that between June 17, 2005 and June 26, 2007, Plaintiff challenged the Order of Commitment in an attempt to "render the judgment of confinement void."

(*Id.* at CM/ECF pp. 2-3.) In particular, Plaintiff filed various motions in the Hayes County, Nebraska District Court alleging constitutional violations relating to "falsified confessions" which led to his "judgment of confinement." (*Id.*)

Plaintiff alleges that Defendant Urbom became a Hayes County, Nebraska District Judge in January, 2006. (*Id.* at CM/ECF p. 3.) Plaintiff's claims against Defendant Urbom relate only to Defendant Urbom's denial of Plaintiff's motion for clarification regarding his judgment of confinement and to Urbom's dismissal of Plaintiff's petition for habeas corpus relief. (*Id.* at CM/ECF pp. 3-4.) In taking these actions, Plaintiff claims that Defendant Urbom violated Plaintiff's due process and equal protection rights under both the United States and Nebraska Constitutions. (*Id.* at CM/ECF pp. 4-6.) Plaintiff seeks damages, declaratory and prospective injunctive relief. (*Id.* at CM/ECF pp. 5-7.)

### B.     Applicable Legal Standards on Initial Review

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, where a pro se plaintiff can prove no set of facts that would entitle him to relief, the complaint must be dismissed. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1967); *Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged

deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

A pro se plaintiff's allegations are construed liberally. *Burke*, 294 F.3d at 1043-44 (citations omitted). Further, a pleading may be amended one time "at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a).

### **C.** **Discussion of Claims**

Plaintiff's motion for leave to file amended complaint (filing no. 6) is granted as set forth in part II of this memorandum and order. Therefore the court's initial review is of the amended complaint, which the court construes as superseding the original complaint. NECivR 15.1(b).

#### 1. Judicial Immunity

Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* However, absolute judicial immunity does not extend to suits requesting declaratory and prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984).

Plaintiff here alleges that Hayes County, Nebraska District Judge David Urbom violated Plaintiff's constitutional rights by dismissing his petition for habeas corpus relief without addressing the merits of the petition. (Filing No. 6, Attach. 1 at CM/ECF 3-4.) Plaintiff's allegations are clear that Judge Urbom's actions occurred

while he was acting in his judicial capacity and in the course of judicial proceedings. *Id.* It is equally clear from the allegations that Judge Urbom was not acting in the complete absence of all jurisdiction. Plaintiff does not allege that Judge Urbom acted outside of his jurisdiction. Rather, Plaintiff alleges that Judge Urbom's decision with respect to Plaintiff's case was erroneous. Therefore, Defendant Urbom has complete judicial immunity from monetary damages and Plaintiff's complaint, to the extent it seeks monetary relief, must be dismissed.

### 2. *Rooker-Feldman* Doctrine

As set forth above, Defendant Urbom is not entitled to judicial immunity for claims requesting declaratory and prospective injunctive relief. *Pulliam*, 466 U.S. at 536-38. Regardless of the question of judicial immunity, "federal judges . . . should not sit in constant supervision of the actions of state judicial officers, whatever the scope of authority under § 1983 for issuing an injunction against a judge." *Id.* at 539. Indeed, a federal district court does not possess authority in a civil rights case to review or alter final judgments of a state court judicial proceeding. Appellate jurisdiction over state court decisions, even when the challenge to the state court's actions involves federal constitutional issues, lies exclusively in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. Therefore, the "*Rooker-Feldman* doctrine" bars this court from correcting a state court judgment, and no declaratory or injunctive relief is available in this court to do so.

In addition to monetary damages, Plaintiff's amended complaint requests that this court "remand" his previously-dismissed petition for writ of habeas corpus and order the "state district court . . . to review and render judgment upon the

constitutional issues" contained in his petition. (Filing No. 6, Attach. 1 at CM/ECF p. 7.) Plaintiff also seeks this court's intervention regarding which state court judge should hear his petition once it is remanded. (*Id.*) This court has no jurisdiction to alter or amend Judge Urbom's final judgment and cannot order Plaintiff's requested relief under the principles of *Rooker-Feldman*. Plaintiff's constitutional challenges to the final judgment entered by Defendant Urbom must therefore be dismissed.

Additionally, it is unclear from Plaintiff's amended complaint whether the Order of Commitment which he seeks to challenge relates to a criminal conviction. To the extent that Plaintiff seeks relief from a criminal conviction, Plaintiff cannot assert such claims relating to the validity of his incarceration in an action brought under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff must instead proceed with a habeas corpus or similar proceeding. Plaintiff's claims are dismissed without prejudice in order to permit Plaintiff the opportunity to initiate a habeas corpus or similar proceeding if appropriate.

## II.     PENDING MOTIONS

Plaintiff filed a motion for leave to file amended complaint. (Filing No. 6.) A pleading may be amended one time "at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a). Amended pleadings filed by a pro se plaintiff may be considered as supplemental to, rather than as superseding, the original pleading. NECiv R 15.1(b). In accordance with Federal Rule of Civil Procedure 15 and this court's local rules, Plaintiff's motion is granted. The court considers Plaintiff's amended complaint as superseding the original pleading. The Clerk of the court shall file filing no. 6, attachment one as a separate document in this matter.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint (filing no. 6) is granted. The Clerk of the court is directed to file Plaintiff's proposed amended complaint (filing no. 6, attach. 1) as a separate document.

2. Plaintiffs' amended complaint is dismissed without prejudice in accordance with this memorandum and order.

3. A separate judgment will be entered in accordance with this memorandum and order.

October 25, 2007.          BY THE COURT:


                           s/ Joseph F. Bataillon
                           Chief United States District Judge